**In re Robby D. BRADBERRY.**

**Bankruptcy No. 98–40208 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 6, 1998.

Kathy Cruz, Hot Springs, AR, for Debtor.

Wendy Geurin, Armstrong, Allen, Prewitt, Gentry & Johnson, Memphis, TN, for Chrysler.

David D. Coop, Chapter 13 Trustee, Little Rock, AR.

### *ORDER REINSTATING CASE*

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Debtor's Motion for Reinstatement, filed on April 2, 1998. This is the third of debtor's attempts to properly file and maintain a chapter 13 bankruptcy case. The first case, Number 97–41949S was dismissed on August 18, 1997, for failure to comply with an order directing debtor to file his federal income tax returns. The second case, filed on October 8, 1997, was dismissed upon the debtor's failure to pay the filing fee to the clerk, within the time required by the Federal Rules of Bankruptcy Procedure as implemented by General Order No. 13. Debtor's third case, filed on February 11, 1998, was dismissed for failure to pay the filing fee. Although the Court does not believe that the debtor has accurately characterized the facts, the policies and procedures required by the Federal Rules of Bankruptcy Procedure, Local Rules, General Orders, as well as the clerk's duties and procedures as directed the

Administrative Office of the Courts, it is clear that the burden of dismissal should not be born entirely by the debtor, at least at this time.[1]  Accordingly, it is

**ORDERED** that the Debtor's Motion for Reinstatement, filed on April 2, 1998, is GRANTED, pending final resolution of whether dismissal under General Order No. 13 is appropriate.

**IT IS SO ORDERED.**

---

1.  For example, the debtor asserts that the chapter 13 trustee's office has "standing instructions" that a "zero tolerance policy" is in effect for reinstatement arising from violations of General Order 13.  This is inaccurate in a number of respects.  First, the chapter 13 trustee has no authority or obligation governing the filing of the fees.  Any standing instructions on this matter by the chapter 13 trustee, if such truly exist, are thus irrelevant.  Second, any assertion that the Court has a "zero tolerance policy" is untrue.  General Order No. 13 provides that the Order is applicable, "unless specifically superceded by an Order of the Court in a particular case."  Indeed, this Court has reinstated a number of cases, upon the filing of the appropriate motion and statement of meritorious facts.  Discretion ultimately lies with a particular court, but there exists no uniform policy with regard to disposition of these motions.